

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 6, 1950

Hon. J. C. McEvoy
County Attorney
Waller County
Hempstead, Texas

Opinion No. V-1082

Re: The authority of the
Commissioners' Court
to spend county funds
for a private fair
association to allow
free admission to its
grounds and exhibits.

Dear Sir:

Your request for an opinion is as follows:

"In the year 1946, citizens of this
Waller County associated themselves to-
gether and formed a corporation and there-
after a charter was duly issued to such
corporation under the laws of the State
of Texas in the name of Waller County Fair
Association; its capital stock is $25,000.
Since its incorporation, the Waller County
Fair Association has purchased some 15
acres of land and has erected various ag-
ricultural, horticultural and livestock ex-
hibit buildings at a cost of about $35,000;
it has conducted annual fairs since 1946.
Although it is set up as a corporation for
profit, the Association has had to go heav-
ily in debt to acquire its buildings and
conduct such county fairs; it is still in
debt, and is in need of financial assist-
ance.  The present Commissioners' Court of
Waller County, Texas does not desire to pur-
chase all or any part of such fair grounds,
nor does it desire to assume the responsi-
bility for the operation of such fair in
its entirety.  However, the Commissioners'
Court does desire to see such annual county
fairs continued, and to participate with
the Fair Association in providing for an-
nual exhibits of horticultural and agricul-
tural products, livestock and mineral pro-
ducts, and such other products as are of

interest to the community. The Commissioners' Court is considering entering into a contract, on behalf of Waller County, with the Fair Association whereby the Fair Association would provide the buildings, grounds and agricultural, horticultural and livestock exhibits, for which Waller County would pay to the Fair Association the sum of $2,000.00 or $3,000.00; under such contract it is contemplated that the 'first gate' charge heretofore made would be eliminated, and the people of Waller County would be entitled to be admitted, without charge, to all of the exhibits and all of the fair, save and except the rodeo, for which a separate charge would be made, as has been done heretofore.

"The Commissioners' Court is desirous of being advised whether they may lawfully enter into such a contract, and, if so, whether advertisement for bids under Art. 2368a would be required."

You further state in your brief that under the proposed contract the Waller County Fair Association "would provide for the 1950 exhibits of horticultural and agricultural products, livestock and mineral products, and other products as are of interest to the community, without an admission charge to the public."

Article 2372d, V.C.S., provides in part:

"Section 1. All counties in the State acting by and through their respective Commissioners' Courts may provide for annual exhibits of horticultural and agricultural products, livestock and mineral products, and such other products as are of interest to the community. In connection therewith, such counties may also establish and maintain museums, including the erection of the necessary buildings and other improvements, in their own counties or in any other county or city in the United States, where fairs or expositions are being held.

"Sec. 2. The Commissioners' Courts
of the respective counties or the Commis-
sioners' Courts of several counties may co-
operate with each other and participate with
local interests in providing for the erec-
tion of such buildings and other improve-
ments as may be necessary to accomplish the
purpose mentioned in Section 1, of this Act
and for the assembling, erecting, and main-
taining of such horticultural and agricul-
tural, livestock and mineral exhibits, and
the expenses incident thereto...."

Article 2372d authorizes counties to construct
buildings and other permanent improvements for exhibits
of horticultural, agricultural, livestock, and mineral
products and to provide for such exhibits. Adams v.
McGill, 146 S.W.2d 332 (Tex. Civ. App. 1941, error ref.).
It is our opinion that counties are authorized under
Article 2372d in providing such exhibits to contract
with various individuals and associations for the as-
sembling, erection, and maintenance of such annual ex-
hibits as will best promote horticulture, agriculture,
livestock raising, and the development of natural re-
sources so long as such contract is not in violation of
the Texas Constitution.

In this connection, it should be noted that it
was held in Attorney General's Opinion No. O-2629, dated
August 22, 1940, that Sections 51 and 52 of Article III
of the Constitution of Texas prohibit the Commissioners'
Court from making a donation or contribution to any in-
dividual or association such as a "County Fair Associa-
tion." Under the facts submitted in your request, how-
ever, Waller County does not propose to make a donation
to the Waller County Fair Association. On the contrary,
the Commissioners' Court intends to contract for the use
of the buildings and grounds owned by the Fair Associa-
tion in holding the 1950 annual county fair and to employ
the association to assemble, maintain, and operate such
exhibits as will best carry out the purposes of Article
2372d.

The Court in Bland v. City of Taylor, 37 S.W.
2d 291 (Tex. Civ. App. 1931), affirmed in 123 Tex. 39,
67 S.W.2d 1033 (1934), in sustaining the validity of a
tax levied for the purpose of "The establishment and
maintenance of a Board of City Development, Chamber of

Commerce, or other similar organization under whatsoever name, devoted to the growth, advertizement, development, improvement and increase of the taxable values of said city," held:

"The provisions of the Constitution which appellants assert are violated are: Article 3, § 52; article 8, § 3; and article 11, § 3. By article 3, § 52, the Legislature is prohibited from granting to any city, etc., power to lend its credit or grant money or thing of value to any individual, association, or corporation whatever. Article 11, § 3, prohibits any county, city, or municipality from making any appropriation or donation or in any wise loaning its credit to any private corporation or association.

"These provisions clearly contemplate and prohibit, we think, benefits at public expense attempted in behalf of individuals, corporations, or associations, as such, acting independently and conducting some enterprise of their own, such as are usually conducted for profit and commercial in their nature. In the instant case no aid was attempted to the chamber of commerce, acting as an independent association. The city undertook to, and did, create said board of city development with defined duties, not to aid any association, but as a part of its municipal functions. Obviously, we think, there was no violation of article 3, § 52, nor of article 11, § 3, of the Constitution.

"If in fact said city had authority under the Constitution and laws of the state to do the things authorized by its charter, it is wholly immaterial whether such board of city development supplanted a private association theretofore maintained by private subscription." (Emphasis added)

We therefore agree with the conclusion reached by you in your able brief that the Commissioners' Court of Waller County has the authority under the provisions of Article 2372d to contract with the Waller County Fair

Association for the use of its buildings and exhibits in holding the 1950 Waller County Fair and to employ the association to assemble, erect, and maintain exhibits for the promotion and development of horticulture, agriculture, livestock raising, and mineral products in the State and County if in the discretion of the Court it determines that the purposes of Article 2372d can best be carried out by such a contract.

Section 2 of Article 2368a, V.C.S., provides, in part, that:

"No county, acting through its Commissioners Court, and no city in this State shall hereafter make any contract calling for or requiring the expenditure or payment of Two Thousand ($2,000.00) Dollars or more out of any fund or funds of any city or county or subdivision of any county creating or imposing an obligation or liability of any nature or character upon such county or any subdivision of such county, or upon such city, without first submitting such proposed contract to competitive bids...."

Article 2372d specifically provides that the provisions of Article 2368a are not repealed by its provisions. It is our opinion that since the contemplated contract calls for an expenditure of $2,000.00 or more, the contract may only be awarded on competitive bids.

## SUMMARY

Under the provisions of Article 2372d the Commissioners' Court of Waller County has the authority to contract with a fair association for the use of the association's buildings and employ the association to assemble, erect, and maintain exhibits for the promotion and development of horticulture, agriculture, livestock raising, and mineral products in the State and County. Adams v. McGill, 146 S.W.2d 332 (Tex. Civ. App. 1941, error ref.); Bland v. City of Taylor, 37 S.W.2d 291 (Tex. Civ. App. 1931) affirmed in 123 Tex. 39, 67 S.W.2d 1033 (1934). Since the contract calls for an expenditure of

$2,000.00 or more, it must be submitted
to competitive bids.  Art. 2368a, V.C.S.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

By John Reeves

Joe R  Greenhill
First Assistant

John Reeves
Assistant

JR:mw:db