

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 3, 1964

Honorable Jack N. Fant
County Attorney
El Paso County
El Paso, Texas

Opinion No. C- 342

Re: Whether the Commissioners
Court of El Paso County has
authority to lease the Coliseum
to private individuals for the
purpose of conducting a furni-
ture sale.

Dear Mr. Fant:

You have posed the following question:

"Does the Commissioners Court of El Paso
County have authority to lease the Coliseum to
private individuals for the purpose of conducting
a furniture sale?"

Your request for an opinion reads in part as follows:

". . .Some five or six weeks ago, the county
entered into a lease agreement with a Mr. George
Malooly, who is a local retail furniture store
chain owner, and a Mr. Hurst, who is connected
with the National Furniture Institute of California,
for the rental of the El Paso Coliseum to Mr. Malooly
and Mr. Hurst, for a period of some five days'
duration, from August 30th through September 5th,
1964, when the Coliseum was not being used for any
other purpose and the purpose of the lease was for
Mr. Malooly and Mr. Hurst to conduct a furniture
sale which in fact was more or less a wholesale
furniture sale, which was open to the public with
sales and deliveries made directly from the floor
of the Coliseum. El Paso County realized as a
consideration for the use of said Coliseum by
Malooly and Hurst the sum of $2075.00 for their
five days' use of said building for their public
furniture sale in said Coliseum.

Hon. Jack N. Fant, page 2 (C-342)

> "Various other El Paso retail furniture dealers and the El Paso Retail Furniture Dealers Association, a corporation, threatened to file an application for a temporary restraining order against George Malooly dba National Furniture Institute and the County of El Paso for the reasons that they claimed that the El Paso County Coliseum is public property governed by the Commissioners' Court and that the use by Malooly and Hurst of this public property for the purpose of a private sale for their own benefit, doing business as the National Furniture Institute, was illegal and in violation of Art. 2372d-2 and 3, and that the use of said Coliseum by Malooly and Hurst was for a private use for private gain, and was in competition with other private commercial enterprises and that through their tax payments, made the facilities available and that such a sale in a public building such as the Coliseum would cause irreparable damage to the El Paso Retail Furniture Dealers.

> "The suit however was not filed by the Retail Furniture Dealers and Malooly and Hurst conducted their sale on the Coliseum premises and the County received its $2075.00 consideration for the five days' term of the lease. The Commissioners' Court of El Paso County and the El Paso County Coliseum Manager thereafter requested me to obtain a ruling or an opinion from your office as to the authority of the Commissioners' Court of the County by virtue of Arts. 2372d, 2372d-2 and 2372d-3, V.T.C.S., to rent or lease its Coliseum building and adjacent livestock building for the purpose. . .set forth and explained. . . ."

The Commissioners Court is a court of limited jurisdiction and has only such powers as are conferred upon it by the statutes and Constitution of this State, either by express terms or by necessary implication. Improvements constructed by the County cannot by implication be made available for lease on the same basis as are like improvements constructed by private business institutions. Attorney General's Opinion O-6915 (1945).

Article 2372d-3, Vernon's Civil Statutes, limits the purpose for which improvements constructed pursuant to Articles 2372d, 2372d-2 and 2372d-3, may be used. Said Article reads in part as follows:

". . .

"Sec. 2.   The Commissioners Court shall
have authority to permit the use of such exhibits,
buildings or improvements for any useful public
purpose which, in the opinion of the Court, will
be of benefit to the county and its citizens.

". . ."

"What constitutes a public purpose or use
as contradistinguished from a private purpose for
which public funds may be applied /and for which
public facilities may be used/ has been repeatedly
before the courts of practically every state in
the Union and the Supreme Court of the United States.
But no court has undertaken to lay down with minute
detail an inexorable rule that would distinguish the
one from the other.  Obviously no such rule could be
laid down.  What was once a public purpose may now
be obsolete through progress and changing economic,
social, and political conditions.  What was but a
private purpose even a generation ago has often
through modern inventions and the complexities of
community life become now essentially a public use
and necessity.  Consequently the modern trend of
decision is to expand and liberally construe the
term 'public use' in considering state and municipal
activities sought to be brought within its meaning."
Bland v. City of Taylor, 37  S.W.2d 291 (Tex.Civ.
App. 1931, affirmed 123 Tex. 39, 67 S.W.2d 1033).

The determination of what constitutes a public purpose
is primarily a legislative function which the Legislature may
delegate as it has done by Section 2, Article 2372d-3.  The deter-
mination of that matter is subject to review in the courts when
abused, but should not be reversed, "except in instances where
the legislative determination of the question is palpably and
manifestly arbitrary and incorrect."  Neal v. Boog-Scott, 247
S.W. 689, 691 (Tex.Civ.App. 1923).  And if there be any doubt as
to whether the purpose questioned be a public use, the legislative
determination thereof should control.  Brown v. Galveston, 97 Tex.
1, 75 S.W. 488 (1903).

Mindful of the above, we must still hold that the lease
for a private furniture sale whether wholesale or retail in nature,
is unauthorized.

Hon. Jack N. Fant, page 4 (C-342)

        We can find no subservience to any public purpose of
said sale.  The clear impact of the language of Articles 2372d,
2372d-2 and 2372d-3 is that facilities constructed pursuant thereto
were to be used only in behalf of the public.  Any other interpreta-
tion of said Articles would render them of doubtful constitutionality
as violative of Section 3, Article XI, and Section 52, Article III
of the Texas Constitution.

        From all activities in which the public engages, benefits
and detriments naturally accure to individuals, and it is normal
that thereby some individuals will be helped or hurt more than
others in the community at large.  This does not prohibit public
activity.  The use of public facilities by private entrepreneurs
if services such as they provide are necessary to the proper en-
joyment of the facilities by the public and if they are charged
a reasonable rate for the facilities used, has been held authorized
by implication.  Dodson v. Marshall, 118 S.W.2d 621 (Tex.Civ.App.
1938, error dismissed).

        But when the only justification for entering into a
lease is that the public will benefit as landlord, such benefit
is insufficient to convert what would otherwise be a private use
into a public use, "and in a sense would be applying public property
for private use which is against the laws of our state."  Tarrant
County v. Rattikin Title Company, 199 S.W.2d 269, 272 (Tex.Civ.
App. 1947).

        We, therefore, hold that the Commissioners Court is not
authorized under Articles 2372d, 2372d-2 or 2372d-3, Vernon's
Civil Statutes, to rent or lease its Coliseum to private individuals
for the purpose of conducting a furniture sale.

        You have also referred to some twenty-five additional
events and purposes for which the Coliseum is leased.  We deem it
unnecessary to consider each individually as Section 2 of Article
2372d-3 is the proper guide for each determination by the Commis-
sioners Court.  Article 2372d-3, Section 2, states that the Commis-
sioners Court shall lease such buildings and improvements "for any
useful public purpose which, in the opinion of the Court, will be
of benefit to the county and its citizens."

                        S U M M A R Y

        The Commissioners Court of El Paso County
        has no authority to lease the County Coliseum
        to private individuals for the purpose of con-
        ducting a furniture sale.

Very truly yours,

WAGGONER CARR
Attorney General

By: *Gordon Houser*

Gordon Houser
Assistant

GH:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
C. L. Snow
George Black
J. C. Davis

APPROVED FOR THE ATTORNEY GENERAL
BY: Roger Tyler