

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 13, 1969

Honorable Charles H. Jungmichel     Opinion No. M-357
Chairman, House Committee on
   Urban Affairs                 Re:   Constitutionality of
State Capitol Building              House Bill No. 184,
Austin, Texas                    61st Legislature

Dear Mr. Jungmichel:

      By recent letter you have requested an opinion
concerning the constitutionality of House Bill No. 184,
which relates to membership of cities in municipal organi-
zations. We quote from the pertinent provisions of House
Bill No. 184 as follows:

      "Section 1. DEFINITIONS. In this Act,
   unless the context requires a different
   definition,
      (1) 'city' means any incorporated city,
   town, or village in the State of Texas; and
      (2) 'municipal organization' means any
   group organized to promote cooperation among
   cities in handling municipal affairs.
      Sec. 2. AUTHORITY TO JOIN MUNICIPAL
   ORGANIZATIONS. Any city may join any munici-
   pal organization by adopting a resolution
   which states the name of the organization
   which the city is joining and the purpose
   for which the city is joining the organiza-
   tion. The city may also pay any necessary
   membership dues.
      Sec. 3. WITHDRAWING MEMBERSHIP. Any
   city which joins a municipal organization
   under the provisions of this Act may with-
   draw from membership in the organization
   on a majority vote of the members of the
   governing body of the city.
      Sec. 4. LIMITATION OF POWER. Mem-
   bership in any municipal organization
   shall not limit the powers of the city. . ."

      The only constitutional question which appears to
be raised is found in Section 2 where the cities are author-

- 1763 -

ized to "pay any necessary membership dues". In regard to this question, you are referred to Section 51 and 52 of Article III, and Section 3 of Article XI of the Texas Constitution.

Section 51 of Article III, Vernon's Texas Constitution, is quoted, in part, as follows:

"The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporation whatsoever;
. . . ."

Section 52 of Article III, Vernon's Texas Constitution, is quoted, in part, as follows:

"The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company;
. . . ."

Section 3 of Article XI, Vernon's Texas Constitution, is quoted as follows:

"No county, city, or other municipal corporation shall hereafter become a subscriber to the capital of any private corporation or association, or make any appropriation or donation to the same, or in anywise loan its credit; but this shall not be construed to in any way affect any obligation heretofore undertaken pursuant to law."

Insofar as Section 3 of Article XI is concerned, the Supreme Court of Texas in the case of _Barrington_ vs. _Cokinos_, 161 Tex. 136, 338 S.W.2d 133 (1960) stated the constitutional test to be utilized when applying Section 3 of Article XI to a particular authorization or expenditure of public funds.

The court stated at page 140:

"Under the Constitution of 1869 and a
statute enacted by the Legislature in 1871,
the counties and municipalities of Texas
were authorized to aid such construction by
taking stock in and making loans or donations
to railroad companies. The primary purpose
of Article XI, Section 3, is to deprive these
political subdivisions of that power. It does
not prohibit all business dealings with pri-
vate corporations and associations, but muni-
cipal funds or credit may not be used simply
to obtain for the community and its citizens
the general benefits resulting from the
operation of such an enterprise. On the
other hand an expenditure for the direct
accomplishment of a legitimate public and
municipal purpose is not rendered unlawful
by the fact that a privately owned business
may be benefited thereby."

In regard to Sections 51 and 52 of Article III,
Vernon's Texas Constitution, the Supreme Court in Brazos
River Authority v. Carr, 405 S.W.2d 689, (Tex.Sup. 1966)
reaffirmed the reasoning found in Barrington v. Cokinos,
supra, and cited numerous cases dealing with the consti-
tutional provisions involved in this request, and you are
referred to the discussion on pages 693 and 694 therein.

An analysis of the above quoted cases leads to
the conclusion that an authorized expenditure of public
funds is constitutionally sound where the expenditure in
question is for a legitimate public and municipal purpose.

The issue, whether the expenditures authorized
for membership dues to the organizations defined by H. B.
184 constitute a public and municipal purpose, is initial-
ly a legislative function.

"It would not be of value now to attempt
to thoroughly define or discuss what are public
purposes. No exact definition can be made.
Suffice it to say that, unless a court can say
the purposes for which public funds are expend-
ed are clearly not public purposes, it would not
be justified in holding invalid a legislative
act or provision in a city charter providing

funds for such purposes." Davis v. City of Taylor, 123 Tex. 39, 67 S.W.2d 1033, 1034 (1934).

We cannot say that the purposes for which the cities are being authorized to expend money by House Bill 184 are not public purposes. On the contrary, in the light of previous acts of the Legislature, i.e. Articles 1011L and 1011m. Vernon's Civil Statutes, authorizing joint municipal planning and cooperation, it is our opinion that the authorized expenditure in House Bill 184 would be for a public purpose.

This very question has been considered in other jurisdictions and it has been held that it is a public purpose for cities to belong to an organization of cities, as is the payment of dues thereto and the sending of its officials to the conventions held by such an organization. City of Roseville v. Tulley, 131 Pa. 2d 395 (Cal. 1943); Hays v. City of Kalamazoo, 25 N.W.2d 787 (Mich.Sup. 1947); Glendale v. White, 194 Pa.2d 435 (Ariz.Sup. 1948); State v. Hagerman, 98 N.E.2d 835 (Ohio 1951); 169 A.L.R. 1218, 1230.

Based upon the above discussions, and our analysis of the bill in question, it is our opinion that the bill in question is constitutional.

### S U M M A R Y

House Bill No. 184, 61st Legislature is constitutional and does not violate Sections 51 and 52 of Article III or Section 3 of Article XI of the Texas Constitution.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Joseph H. Sharpley
Lonny Zwiener
Bill Craig
James Quick

W. V. GEPPERT
Staff Legal Assistant