

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 11, 1974

The Honorable William R. Pemberton
County Attorney
P.O. Box 610
Beeville, Texas 78102

Opinion No. H- 397

Re: May a county become a
dues paying member of a
chamber of commerce which
is a corporation.

Dear Mr. Pemberton:

Your request for an opinion explains that the Beeville and Bee
County Chamber of Commerce is a corporation, and that its Board of
Directors has asked Bee County, through the Commissioners Court,
to become a dues-paying member. You also advise that the purposes
and functions of the organization include promoting industrial develop-
ment in the county, the development of downtown Beeville, and the
promotion of the county-owned stadium. We understand that it also
supports other measures beneficial to its commercial members.

Specifically, you have asked:

> May Bee County, through the Commissioners Court,
> become a member of the Beeville and Bee County
> Chamber of Commerce and pay dues, out of the
> General Fund, in the amount of $1,500.00 per year?

In a helpful brief you have directed our attention to several Texas
Constitutional provisions bearing on the matter --among them, Article
11 § 3 of the Constitution which reads in pertinent part:

> No county, city or other municipal corporation shall
> hereafter become a subscriber to the capital of any
> private corporation or association, or make any

p. 1856

appropriation or donation to the same, or in
anywise loan its credit. ...

In our opinion this provision of our Constitution prohibits Bee
County from becoming a dues paying member of the Beeville and Bee
County Chamber of Commerce, and Article 3 § 52 of the Constitution
prohibits legislative authorization of such a practice.  Attorney General
Opinion O-6168 (1945).

The situation you describe does not, in our opinion, come within
the holding of Barrington v. Cokinos,  338 S. W. 2d 133 (Tex. 1960).  Nor
is it insulated from the abuses which those Constitutional provisions
were designed to prevent, as was the case in Brazos River Authority v.
Carr, 405 S. W. 2d 689 (Tex. 1966).  It is an attempt to secure for the
community and its citizens by subscription to a private corporation general
benefits resulting from encouragement of private industry and business.
While this is a laudable purpose it is one to which Bee County is prohibited
by law from participation.

Although counties may not, in our opinion, become dues paying
members of private corporations operating chambers of commerce in
order to promote and advertise the area, the Legislature has enacted
provisions enabling certain counties to raise and spend funds for advertising
and promotion under certain conditions which include an authorizing elec-
tion and the establishment of a Board of Development.  Articles 2352a,
2352c, 2352d, V. T. C. S. And see Bland v. Taylor, 37 S. W. 2d 291 (Tex.
Civ. App. , Austin, 1931) aff'd 67 S. W. 2d 1033 (Tex. 1934).  Authority to
engage in such activities under such conditions, however, does not carry
with it other authority to join or make donations to private organizations
in order to achieve a similar end.  Attorney General Opinions M-936(1971),
O-2629 (1940).

### SUMMARY

A county may not become a dues paying member
of a chamber of commerce which is a corporation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 1857

APPROVED:

_____

LARRY F. YORK, First Assistant

_____

DAVID M. KENDALL, Chairman
Opinion Committee

lg