

# The Attorney General of Texas

July 8, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Gerald R. Brown
Executive Director
Texas Industrial Commission
Box 12728, Capitol Station
Austin, Texas 78711

Opinion No. MW-206

Re: Texas Industrial Commission Economic Development Fund

Dear Mr. Brown:

You inform us that the Texas Industrial Commission (TIC) is considering establishing an Economic Development Fund for the purpose of receiving and expending private contributions. The TIC would use the contributions to pay travel, entertainment, and other expenses necessary for activities designed to attract business and industry to Texas. Article 5190 1/2, V.T.C.S., reads in pertinent part:

> (a) Additional duties of the Commission in addition to its other duties, the State Industrial Commission is hereby authorized to plan, organize and operate a program for attracting and locating new industries in the State of Texas.

> (b) The Industrial Commission may accept contributions from private sources, all of which may be deposited in a bank or banks to be used at the discretion of the Commission in compliance with the wishes of the donors.

You first ask whether the commission may deposit funds donated from private sources in banks, rather than the state treasury, and expend them without specific legislative appropriation. Article 5190 1/2, V.T.C.S., clearly authorizes the commission to deposit such funds in banks, rather than the state treasury, and to spend them without specific legislative appropriation. See generally Letter Advisory No. 132 (1977). However, the legislature has authority to appropriate such funds even though they are held outside of the treasury. See Attorney General Opinion H-1167 (1978); Letter Advisory No. 132 (1977). See also General Appropriations Act, Acts 1979, 66th Leg., ch. 843, art. V, §§18, 19 at 2911.

You next ask under what conditions, if any, such funds may be expended for travel and entertainment in attempting to attract business and industry to Texas. The contributions accepted by the Commission pursuant

to article 5190 1/2, V.T.C.S., are public funds.  Attorney General Opinion WW-534 (1958).  They may not, therefore, be spent in a manner inconsistent with article III, section 51 of the Texas Constitution which prohibits gratuitous donations to any individual, association of individuals or corporation.  Road District No. 4, Shelby County v. Allred, 68 S.W. 2d 164 (Tex. 1934).  There must be an adequate return to the state, either in the accomplishment of a public purpose or in the receipt of something equivalent in value.  See State v. City of Dallas, 319 S.W. 2d 767 (Tex. Civ. App. - Austin 1958) aff'd 331 S.W. 2d 737 (Tex. 1960); Attorney General Opinion H-416 (1974).

However, an expenditure for a legitimate public purpose is not rendered unlawful because a privately owned business may be benefited thereby.  Barrington v. Cokinos, 338 S.W. 2d 133 (Tex. 1960).  The Texas courts have held permissible municipal expenditures designed to advertise and promote the growth of a city.  Bland v. City of Taylor, 37 S.W. 2d 291 (Tex. Civ. App. - Austin 1931) aff'd Davis v. City of Taylor, 67 S.W. 2d 1033 (Tex. 1934).  Private citizens may be provided transportation at public expense, where there is an official business purpose for doing so.  Attorney General Opinion H-1089 (1977).  In Attorney General Opinion O-4167 (1941), this office approved certain expenditures for public relations which the University of Texas made.  One expense account included an item for the "cultivation of officials of Rockefeller Foundation and General Education Board."  Presumably, this item covered the entertainment of private individuals.  Thus, there is authority for the use of public funds to provide travel and entertainment to private individuals, and for the use of public funds to encourage local development.  Attorney General Opinion O-4167 (1941) developed a test designed to show whether expenses were incurred for state business, defined as follows:

> 'State business' signifies the accomplishment of a govern-
> mental function; it requires that the means and method adopted
> be reasonably necessary; it implies that the particular govern-
> mental function involved be one directly entrusted to the
> institution or department assuming its accomplishment.

Article 5190 1/2, V.T.C.S., describes a governmental function which is entrusted to the Commission.  See Tex. Const. art. XVI §56; Bland v. City of Taylor, supra.  The Commission may use donated funds for travel and entertainment where reasonably necessary to the attainment of the purposes set out in article 5190 1/2.  The reasonableness of a particular expenditure is for the Commission to decide in the first instance.  See Attorney General Opinion H-1260 (1978).

You inform us that some of the private funds donated will very likely come from individuals and entities interested in the issuance of revenue bonds under the Development Corporation Act of 1979.  That Act vests in the TIC the responsibility for approving certain leases, sales and loan agreements in conjunction with the issuance of such bonds, as well as the bonds themselves.  You ask whether the statutory provisions dealing with gifts to public servants and official misconduct preclude donations to the fund, if established, from such persons.  Donations under article 5190 1/2, V.T.C.S., are not made to individual commissioners.  However, under certain circumstances it is

conceivable that conditions attached to them could cause them to benefit the commissioners.  Article 6252-9b, V.T.C.S., provides in section 8(a) as follows:

> No state officer or state employee should accept or solicit any gift, favor, or service that might reasonably tend to influence him in the discharge of his official duties or that he knows or should know is being offered him with the intent to influence his official conduct.

Whether any particular donation would cause a violation of this provision is a fact question for the commission to resolve in the first instance.  See Attorney General opinions H-1223 (1978); H-688 (1975).  See also Meyers v. Walker, 276 S.W. 305 (Tex. Civ. App. - Eastland 1925, no writ).

## SUMMARY

The Texas Industrial Commission may deposit in banks funds donated from private sources under article 5190 1/2, V.T.C.S. Such funds may be spent for travel and entertainment in attempting to attract business and industry to Texas where reasonably necessary to that purpose.  Whether donations from individuals interested in the issuance of revenue bonds under the Development Corporation Act of 1979 would involve the commission in violations of the state ethics law would depend on the facts of each case.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Susan Garrison
Rick Gilpin
Iris Jones