**Henry C. KYLE, Appellant,**

v.

**Charles W. STONE, et al., Appellees.**

**No. 9353.**

Court of Appeals of Texas,
Texarkana.

Aug. 28, 1985.

Rehearing Denied Sept. 24, 1985.

Henry C. Kyle, San Marcos, C.C. Small, Jr., Small, Craig & Werkenthin, Austin, for appellant.

Lamar W. Hankins, San Marcos, Sharon E. Calloway, Groce, Locke & Hebdon, San Antonio, for appellees.

Before CORNELIUS, C.J., and BLEIL and CHADICK, JJ.*

BLEIL, Justice.

Henry C. Kyle appeals the denial of an injunction sought to prevent the collection of excessive ad valorem taxes levied by the city of San Marcos. Finding that the City of San Marcos is not required to include the entire budget surplus from the previous

fiscal year in computing its ad valorem tax rate for the ensuing year, we affirm.

In 1983, the San Marcos city council adopted a budget and passed an ad valorem tax ordinance fixing the tax rate to fund the budget at 68¢ per $100.00 valuation. In arriving at the tax rate, the City did not include all of its surplus funds as estimated revenue, but did appropriate about one-half million dollars of the funds as revenue. Approximately $1.5 million of the unappropriated general fund balance was carried over as a cash surplus.

Kyle contends that the City's charter requires application of all funds available to cover the proposed budget before computing next year's tax. If this had been done, Kyle argues, the ad valorem tax rate of 68¢ on $100.00 would be reduced to 28¢ on $100.00. At the 28¢ rate, Kyle's taxes would have been $861.23, rather than the greater amount of taxes which were levied against him.

■ Texas law places the power to levy taxes within the discretion of the City, and because the power to maintain a reasonable budget surplus may be reasonably implied from the Texas Constitution and the City's charter, we find no abuse of discretion in maintaining that surplus. *Texas Co. v. Panhandle Indep. School Dist.*, 72 S.W.2d 957 (Tex.Civ.App.—Amarillo 1934, writ ref'd). In view of the City's status as a home rule city under the Home Rule Enabling Act, Tex.Rev.Civ.Stat.Ann. art. 1165, et seq. (Vernon 1963), and the wide discretion accorded municipal officials in preparing a budget, the evidence supports the trial court's judgment finding no abuse of discretion by the City. *Lewis v. City of Fort Worth*, 126 Tex. 458, 89 S.W.2d 975 (1936); *Davis v. City of Taylor*, 123 Tex. 39, 67 S.W.2d 1033 (1934).

■ The City charter permits a contingent appropriation of not more than three percent of the total budget. This appears in the budget as $50,000.00. Kyle contends that "contingency" and "surplus" are es-

* Honorable T.C. Chadick, Justice, Supreme Court of Texas, Retired, sitting by Assignment.

sentially the same and, therefore, that the $1.5 million budget surplus is illegal. Looking at the plain meaning of this charter provision, we find that it does not speak to the existence of a general fund balance, nor does it mandate that the general fund balance be limited to three percent of the total budget.

The trial court's judgment is affirmed.