**BRAZORIA COUNTY et al., Appellants,**

v.

**Richard PERRY, Appellee.**

**No. 16681.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 22, 1976.

Ogden L. Bass, Criminal Dist. Atty., Jameson M. Mapel, Asst. Dist. Atty., Angleton, for appellants.

EVANS, Justice.

The central question in this case is whether there was a lending of credit by Brazoria County to a private individual in violation of the provisions of Article III, Sec. 52 of the Texas Constitution.

Appellee was employed as a deputy sheriff for Brazoria County on October 1, 1973. He attended the Harris County Sheriff's Academy Basic Certification Course from April 29, 1974, through June 7, 1974, and completed that course. On June 19, 1974, appellee signed an instrument which recited the following:

PROMISSORY NOTE

"I, Richard Perry hereby agree to remain as a Deputy Sheriff of the Brazoria County Sheriff's Department for a period of two (2) years after the completion of the below described Police School, starting and ending . . . April 29–June 7, 1974 . . . In event I do not remain for the agreed upon period I hereby agree and obligate myself to pay to BRAZORIA COUNTY the full cost of my schooling and the salary paid to me while in attendance at school. This note will become due upon my notice of departure. If I remain for the agreed upon period this note is to be cancelled and returned.

| "AMOUNT OF NOTE: | SALARY | $866.40 |
| | SCHOOLING | 25.00 |
| | MEALS, ETC. | 19.23 |
| | TOTAL DUE | $910.63" |

Appellee admits receiving the funds reflected by this agreement. On October 24, 1974, he terminated his employment with the Sheriff's Department and shortly thereafter went to work for the Angleton Police Department. He has not repaid the Brazoria County any portion of the funds advanced for the law enforcement training program.

In June, 1975, this action was instituted by appellants to recover from appellee the total sum reflected by the employment agreement. In their petition appellants contend that the sum reflected by the agreement constituted damages upon breach of the agreement. The trial court granted appellee's motion for summary judgment and entered a take nothing judgment against appellants. We reverse and remand.

Article III, Sec. 52 of the Texas Constitution provides in pertinent part as follows:

"Sec. 52(a) Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company."

The clear purpose of this constitutional provision is to prevent the gratuitous application of funds to private use. *Byrd v. City of Dallas*, 118 Tex. 28, 6 S.W.2d 738, 740 (1928); *Harris County v. Dowlearn*, 489

S.W.2d 140, 144 (Tex.Civ.App.—Houston [14th] 1972, writ ref'd n.r.e.). The Constitution does not, however, invalidate an expenditure which incidentally benefits a private interest if it is made for the direct accomplishment of a legitimate public purpose. *Byrd v. City of Dallas*, supra; *Barrington v. Cokinos*, 161 Tex. 136, 338 S.W.2d 133, 140 (1960).

Article 4413(29aa), Tex.Rev.Civ.Stat. (1974 Supp.Pamp.), provides that persons appointed as peace officers after September 1, 1970, must satisfactorily complete a basic training program in law enforcement within a one-year period from the date of their original appointment. Sec. 7(b) of the same article provides for reimbursement by the Commission on Law Enforcement Officer Standards and Education to each political subdivision for expenses incurred in attending such training programs. The funds paid to appellee while he was attending the law enforcement course represent expenditures for the direct accomplishment of a legitimate public purpose. The agreement on the part of appellee to repay these funds to Brazoria County in the event he did not fulfill the agreed term of his employment did not render the expenditures invalid.

Reversed and remanded.