**David H. YOUNG and Meredith Young, Individually and d/b/a True Distance, Inc., Appellants,**

v.

**The CITY OF HOUSTON, Appellee.**

**No. 01–87–00744–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 11, 1988.

Rehearing Denied Aug. 31, 1988.

Ed Wheeler, Pasadena, for appellants.

Jerry G. Bradford, Margaret J. Livingston, Asst. City Attys., Edwin Taylor Grauke, Houston, for appellee.

Before COHEN, JACK SMITH and STEPHANOW, JJ.

OPINION

COHEN, Justice.

This appeal asserts that it violates the Texas Constitution for a city to use public

funds to prosecute violators of private deed restrictions. Finding no unconstitutional expenditure of public funds, we affirm.

The City of Houston, under authority granted by Tex. Local Gov't Code Ann. §§ 230.001–230.004 (Vernon Pamph.1988), sued appellants to enforce private deed restrictions. The deed restrictions for Larchmont subdivision stated that "no platted lot shall be used except for residential purposes" and further prohibited "noxious or offensive activity." In contravention of these covenants, appellants operated a golf accessories business on a subdivision lot. The trial court permanently enjoined appellants "from using their property located at 5502 Beverly Hill as the site of any commercial activity, including but not limited to a golf equipment business."

Appellants contend that the trial court erred by not holding § 230.001 et seq. and related ordinances unconstitutional as a grant of "public money" or other "thing of value" in aid of individuals enforcing a private contract, in violation of Texas Constitution art. III, § 52 and art. XI, § 3.

Article III, § 52 provides, in pertinent part, that:

[t]he Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any, individual, association or corporation whatsoever, or to become a stockholder in such corporation, association, or company.

Article XI, § 3 provides:

No county, city or other municipal corporation shall hereafter become a subscriber to the capital of any private corporation or association, or make any appropriation or donation to the same, or in anywise loan its credit; but this shall not be construed to in any way affect any obligation heretobefore undertaken pursuant to law.

Appellants argue that because the City of Houston is enforcing private restrictive covenants, it is unconstitutionally granting "public money" to individuals. Appellants contend that the enforcement of deed restrictions is not a "public function," and serves no public purposes.

■ The Texas Constitution, however, does not invalidate an expenditure that incidentally benefits a private interest, if it is made for the direct accomplishment of a legitimate public purpose. *Brazoria County v. Perry*, 537 S.W.2d 89, 91 (Tex. Civ.App.—Houston [1st Dist.] 1976, no writ). Texas courts have broadly defined "public purpose." Determining a public purpose is primarily a function of the legislature, whose decision should not be reversed, unless manifestly arbitrary and incorrect. *Bland v. City of Taylor*, 37 S.W. 2d 291, 293 (Tex.Civ.App.—Austin 1931), *aff'd sub nom. Davis v. City of Taylor*, 123 Tex. 39, 67 S.W.2d 1033 (1934); *see also* Henderson, *Land Use Controls in Houston: What Protection for Owners of Restricted Property?* 29 S.Tex.L.Rev. 131, 161–163 (1987). If doubt exists, the legislature's discretion should control. *Bland*, 37 S.W.2d at 293.

■ Appellants failed to demonstrate that municipal enforcement of deed restrictions serves no public purpose. At trial, a City of Houston neighborhood planner testified that there is a public benefit to such enforcement. He testified that deed restrictions are important for any city because "it's the only tool of regulating land use" in already established neighborhoods. Deed restrictions "preserve the residential integrity" of those neighborhoods. When asked why the City would be involved in the enforcement of deed restrictions to prevent commercial activity in residential neighborhoods, he answered:

The City would want to be involved in such, because just to maintain the property values and also when you have that type of encroachment in the neighborhood the City has to provide utility service for those types of commercial uses, utility service such as water, waste water, you also have a parking problem on the street, parking and traffic generation, things of that nature.

In addition to the city planner's testimony, in the 1965 enabling ordinance, the Houston City Council made a finding that:

[t]he public interest in maintaining the welfare and tranquility of residential neighborhoods is so imperative that, wherever citizens have undertaken, or hereafter undertake, enforceable restrictions which protect the residential character of neighborhoods, there is a public interest in enforcing such covenants to promote the public health, safety, morals, welfare, and orderly growth of the City, and action by the City is warranted to enforce those restrictions which protect, or tend to protect, the residential character of neighborhoods. Houston, Tex. Ordinance, 65–1567 (Aug. 19, 1965).

We hold that the enforcement of deed restrictions in this case served a public purpose, and therefore, was not unconstitutional.

Appellants' first point of error is overruled.

The remainder of this opinion does not meet the criteria for publication, Tex.R. App.P. 90, and is thus ordered not published.

The judgment is affirmed.