

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

July 27, 1990

Honorable George Pierce
Chairman
Committee on Urban Affairs
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78768-2910

Opinion No. JM-1194

Re:  Authority of a munici-
pality to advance compensa-
tion to an employee
(RQ-1924)

Dear Representative Pierce:

You ask:

> May a  municipality advance  compensation  in
> the  form  of  cash  or  other  property   to
> employees to be fully earned within one  year
> on terms agreeable to the municipality?

Given such  a  general  question, we  are,  of  course,
limited to a general answer.  However, while we cannot fully
and finally answer  your question,  we can say  with a  fair
degree of certainty that a court would disapprove of such an
expenditure of public funds.

Cities generally have control over their finances.  See
Local Gov't Code §§ 101.002  (type A cities), 101.022  (home
rule cities).  Cities also  have control over the  compensa-
tion and conditions of  employment of their employees.   See
Byrd v. City of Dallas, 6 S.W.2d 738 (Tex. 1928).   However,
a city's expenditure of public funds is subject to constitu-
tional restrictions.

The Texas Constitution is replete with provisions  that
prohibit the grant of public funds and the lending of public
credit to  private individuals  or organizations.   Specifi-
cally, article III, section 52(a) reads:

> Except as otherwise provided by this  sec-
> tion, the Legislature shall have no power  to
> authorize any  county,  city, town  or  other
> political corporation or  subdivision of  the
> State to lend its  credit or to grant  public
> money or  thing of  value in  aid of,  or  to
> any individual,  association  or  corporation
> whatsoever, or  to  become a  stockholder  in

> such corporation, association or company.
> However, this section does not prohibit the
> use of public funds or credit for the payment
> of premiums on nonassessable life, health, or
> accident insurance policies and annuity
> contracts issued by a mutual insurance
> company authorized to do business in this
> State.

Tex. Const. art. III, § 52(a); see also id. §§ 50 (prohibition on the lending of the credit of the state), 51 (prohibition on the grant of public moneys to individuals and corporations); id. art. VIII, § 3 (levy of taxes for public purposes only); id. art. XI, § 3 (prohibition on political subdivisions' subscribing to private capital, and appropriation or loaning of credit to same); id. art. XVI, § 6 (prohibition on appropriation for private purposes). But see Tex. Const. art. III, §§ 52-a (allowing grants of public money for economic development), 52(e) (allowing political subdivisions to invest funds as authorized by law).

One constitutional scholar has analyzed the meaning of the term "lend its credit" found in section 52(a) and the variations of the term found in other constitutional provisions as follows:

> Section 50 states that the legislature may
> not 'give' the credit of the state to
> anybody, 'lend' the credit of the state to
> anybody, or 'pledge' the credit of the state
> for anybody. . . . This is an involved and
> somewhat imprecise way of saying that the
> state may not aid anybody by lending him
> money.

1 G. Braden, The Constitution of the State of Texas: An Annotated and Comparative Analysis 225 (1977) (emphasis added); see also Brazoria County v. Perry, 537 S.W.2d 89 (Tex. Civ. App. - Houston [1st Dist.] 1976, no writ); Attorney General Opinion JM-533 (1986). An advance of salary is clearly a loan and, thus, a lending of credit within the constitutional prohibition.

While the language found in section 52(a) only denies the legislature the power to authorize a political subdivision to "lend its credit," cases decided thereunder and other constitutional analyses make it clear that the constitutional prohibition also applies indirectly to political subdivisions. See, e.g., Storrie v. Houston City St. Ry. Co., 46 S.W. 796 (Tex. 1898); Braden, supra;

Willatt, <u>Constitutional Restrictions on Use of Public Money and Public Credit</u>, 38 Tex. Bar J. 413 (May 1975).

The constitutional provisions cited above signify that the law generally abhors the expenditure of public funds for private purposes. In <u>Brazoria County v. Perry</u>, <u>supra</u>, the court addressed article III, section 52, and succinctly restated the rule as follows:

> The clear purpose of this constitutional provision is to prevent the gratuitous application of funds to private use. [Citations omitted.] The Constitution does not, however, invalidate an expenditure which incidentally benefits a private interest if it is made for the direct accomplishment of a legitimate public purpose.

537 S.W.2d at 90-91; <u>see also</u> <u>Barrington v. Cokinos</u>, 338 S.W.2d 133, 140 (Tex. 1960); <u>Dodson v. Marshall</u>, 118 S.W.2d 621 (Tex. Civ. App. - Waco 1938, writ dism'd); Attorney General Opinions JM-1146 (1990); JM-551, JM-431 (1986); MW-89 (1979); WW-790 (1960).

The requirement stated in the <u>Brazoria County</u> case that the expenditure must be made "for the direct accomplishment of a legitimate public purpose" leads us to doubt that a court would approve the salary advance about which you ask. Your unadorned question offers no implicit public purpose; however, the determination of a public purpose and the establishment of a <u>quid pro quo</u> are legislative functions. <u>See, e.g.</u>, <u>Young v. City of Houston</u>, 756 S.W.2d 813, 814 (Tex. App. - Houston [1st Dist.] 1988, writ denied); <u>Dodson</u>, <u>supra</u>; Attorney General Opinions JM-1146 (1990); MW-373 (1981).

## S U M M A R Y

A city may not ordinarily advance salary to its employees.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General