

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 29, 1992

Honorable Richard B. Townsend
County and District Attorney
Morris County Courthouse
500 Broadnax Street
Daingerfield, Texas 75638

Opinion No. DM-133

Re: Authority of the Morris County Commissioners Court to reimburse private landowners for attorneys' fees incurred in right-of-way action against another landowner (RQ-161)

Dear Mr. Townsend:

You ask whether Morris County (the "county") may reimburse private parties for attorneys' fees incurred in litigation. You describe the fact situation which gives rise to your question as follows: A corporate landowner sued the county to prevent the county from reopening an old county road which was the subject of a right-of-way dispute. Two other private landowners sued the corporation to gain access to their land via the same road. The corporation prevailed in both lawsuits, and now the two private landowners seek to have their legal expenses reimbursed by the Morris County Commissioners Court. You ask whether the Texas Constitution -- particularly article III, section 52; article VIII, section 3; or article XI, section 3 -- prohibits this use of public funds. We conclude that article III, section 52 of the Texas Constitution prohibits a county from reimbursing private litigants for their attorneys' fees in the circumstances you describe.[1]

Article III, section 52, provides in pertinent part:

> [T]he Legislature shall have no power to authorize any county ... of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever ....

---

[1]Because we conclude that the expenditure is prohibited under article III, section 52, we do not address whether it may also be prohibited under article VIII, section 3, or article XI, section 3. Nor do we address a court ordered award of attorneys' fees to the prevailing party in a suit against the county, or attorneys' fees awarded as part of a settlement in a suit against the county.

Tex. Const. art. III, § 52(a). The purpose of this provision of the Texas Constitution is to prevent "the gratuitous application of funds to private use." *Brazoria County v. Perry*, 537 S.W.2d 89, 90 (Tex. Civ. App.--Houston [1st Dist.] 1976, no writ). *See generally* Willatt, *Constitutional Restrictions On Use Of Public Money and Public Credit*, 38 TEX. B.J. 413 (1975). While it is in the province of the governing body to ascertain whether there exists a public purpose which justifies the expenditure of public funds, *see* Attorney General Opinion JM-824 (1987) at 3, this constitutional provision requires that the public receive consideration in exchange for its expenditure and that it exercise some control over the use of the funds. Attorney General Opinions JM-964 (1988) at 5; JM-768 (1987) at 4-5; Willatt, *supra* at 422.

Counties and their commissioners courts have general authority over county roads. *See* Tex. Const. art. V, § 18(b) (commissioners court to exercise jurisdiction over county business as provided by law); V.T.C.S. art. 2351(2), (5) (commissioners court to exercise general control over all roads in county). We have no doubt that a county is generally authorized to employ counsel to represent it in connection with litigation pertaining to county roads. *Cf. Burleson County v. Giesenschlag*, 354 S.W.2d 418, 420 (Tex. Civ. App.--Houston 1962, no writ) (commissioners court authorized to employ an attorney to prosecute condemnation suit); *Galveston County v. Gresham*, 220 S.W. 560, 562 (Tex. Civ. App.--Galveston 1920, writ ref'd) (county's authority to employ an attorney to assist in sea wall project necessarily implied from general authority to construct sea wall). Furthermore, we believe the county may use public funds to prosecute road litigation protecting private rights where the commissioners court determines that the litigation serves a public purpose. *Cf. Young v. City of Houston*, 756 S.W.2d 813 (Tex. App.--Houston [1st Dist.] 1988, writ denied) (city may use public funds to prosecute violators of private deed restrictions where doing so would serve public purpose of regulating land use).

We conclude that a county may not reimburse a private party for litigation expenses unless the litigation serves a public purpose and the governmental body actually employs the attorney. When a county employs an attorney, the county receives consideration, *i.e.*, legal services, in return for attorneys' fees. In addition, the county's contract with the attorney supplies the requisite control, regardless of the outcome of the suit. *See, e.g.*, Attorney General Opinions JM-824, JM-755 (1987); MW-373 (1981). This is not the case, however, in circumstances such as you describe where a private party, rather than the county, actually employs the attorney. In the situation you describe, the attorney employed by the private landowners undoubtedly performed legal services in return for attorneys' fees, but that consideration went to the private individuals who employed the attorney, not to the county. Nor was the attorney subject to the control of the county during the

progress of the lawsuit. Under these circumstances, even if the litigation served a public purpose, reimbursement of the private landowners' attorneys' fees would be an unconstitutional grant of public funds to private individuals, and is therefore prohibited under article III, section 52 of the Texas Constitution.[2] Therefore, we conclude that a county is prohibited from reimbursing the private landowners for attorneys' fees in the situation you describe.

## S U M M A R Y

Article III, section 52 of the Texas Constitution prohibits the Morris County Commissioners Court from reimbursing private landowners for attorneys' fees they incurred in a right-of-way action against another landowner.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General

---

[2]*See also* Attorney General Opinion DM-107 (1992) at 4 ("we are not aware of any other authority for the proposition that a governmental entity may reimburse a public official or employee [for legal expenses] *after* the person has incurred legal expenses") (citing Letter Opinion No. 90-93 (1990)) (emphasis in original).