

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 19, 1995

Honorable Gerald Alan Joy
Potter County Auditor
601 South Taylor
Amarillo, Texas 79101

Opinion No. DM-317

Re: Whether a county may pay travel expenses of an applicant for the position of county forensic pathologist (RQ-712)

Dear Mr. Joy:

You ask whether the commissioners court of Potter County is authorized to "spend public funds" to pay for the transportation and related travel expenses of an applicant for the position of forensic pathologist for the purpose of traveling to be interviewed. You explain the situation as follows:

> Since 1991 the County has employed a forensic pathologist to perform autopsies in questionable deaths. . . . The last one resigned effective March 31, 1994. . . . Prior to and since the last resignation, the County Judge and the Commissioners have contacted and been contacted by a number of candidates for the position. In April, the County Judge, in a good faith effort to hold down County expenses, arranged with a local travel agency to have a plane ticket delivered to one of the candidates with the expectation that the County would pay for it. He knew that it would be cheaper to fly the doctor up here . . . than for a judge and another official to fly down there for an interview.

We understand your query to raise the question of whether article III, section 52 of the Texas Constitution precludes the commissioners court from spending public funds to pay the travel expenses of a candidate for a county position. We conclude that under certain circumstances such an expenditure is not prohibited.

We begin our analysis by determining the scope of authority with which the commissioners court is vested. Commissioners courts may exercise only such powers as the constitution or the statutes have specifically conferred upon them. *Canales v. Laughlin*, 214 S.W.2d 451 (Tex. 1948); *Starr County v. Guerra*, 297 S.W.2d 379 (Tex. Civ. App.--San Antonio 1956, no writ). Article V, section 18(b) of the Texas Constitution establishes the commissioners court and provides in pertinent part that

> [t]he County Commissioners . . . shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed.

While the commissioners court is statutorily empowered to act only where expressly authorized, the courts of this state have allowed the exercise of broad authority, express or implied, necessary to achieve specific goals authorized by state law. 35 DAVID BROOKS, COUNTY AND SPECIAL DISTRICT LAW § 5.11 (Texas Practice 1989); *see Glenn v. Dallas County Bois D'Arc Island Levee Dist.*, 275 S.W. 137 (Tex. Civ. App.--Dallas 1923), *reh'g granted on other grounds*, 282 S.W. 339 (1926), *rev'd on other grounds*, 288 S.W. 165 (Tex. Comm'n App. 1926, *judgm't adopted*) (defining the scope of the term "county business")[1]; *Rodgers v. County of Taylor*, 368 S.W.2d 794 (Tex. Civ. App.--Eastland 1963, writ ref'd n.r.e.). *See generally Pritchard & Abott v. McKenna*, 350 S.W.2d 333 (Tex. 1961) (implied authority to contract with private appraisal firm upheld).

Article 49.25 of the Code of Criminal Procedure provides for the office of county medical examiner. The commissioners court is vested with the express authority to establish and maintain the office of medical examiner. Furthermore, the court "shall appoint the medical examiner [who must be a physician], who shall serve at the pleasure of the commissioners court." Code Crim. Proc. art. 49.25 §§ 1, 2; 36 BROOKS, *supra*, § 26.9. Although the commissioners court is vested only with the express authority to establish and appoint to such office, we believe that it is logical to presume that the court is vested with certain implied authority necessary to achieve this specific goal, *i.e.*, the authority to interview qualified applicants for the position of medical examiner.

We now consider whether the authority to interview and appoint includes the authority to pay for the travel expenses of a candidate for such an appointment. Article III, section 52 of the Texas Constitution provides in pertinent part:

> [T]he Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever . . . .

*See also* Tex. Const. art. III, §§ 50, 51. *See generally* 1 GEORGE D. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 232 (1977) (explaining article III, sections 51 and 52 of Texas Constitution). This provision is mandatory. *Texas & N.O.R. Co. v. Galveston County*, 161 S.W.2d 530 (Tex.

---

[1]In *Glenn*, the court reasoned that the term "county business" should be given

> a broad and liberal construction so as not to defeat the real purpose that was intended to be accomplished by the law in providing that the commissioners' court shall exercise such power and jurisdiction over county business as is conferred by the Constitution and the laws of the state, or as may be hereafter prescribed; . . . to any and all business of that county and any other business of that county connected with or interrelated with the business of any other county and any other business of that county properly within the jurisdiction of such courts under the Constitution and laws of the state.

*Glenn v. Dallas County Bois D'Arc Island Levee Dist.*, 275 S.W. 137, 145.

Civ. App.--Galveston 1942), *aff'd*, 169 S.W.2d 713 (Tex. 1934). Its purpose is to prevent the making of a grant, loan, or application as a mere charity or gratuity; however, this section does not invalidate an expenditure that incidentally benefits a private interest if it is made for the direct accomplishment of a legitimate public purpose. *Brazoria County v. Perry*, 537 S.W.2d 89, 90-91 (Tex. Civ. App.--Houston [1st Dist.] 1976, no writ); *Harris County v. Dowlearn*, 489 S.W.2d 140 (Tex. Civ. App.--Houston [14th Dist] 1972, writ ref'd n.r.e.); *see* Attorney General Opinions JM-1229, at 3-5, JM-1209, at 1, JM-1199, at 1 (1990); 1 BRADEN, *supra*, at 233.

We note that no fixed rule delineates exactly what constitutes a "public purpose." *See Davis v. City of Taylor*, 67 S.W.2d 1033, 1034 (Tex. 1934) (quoting 6 MCQUILLEN, ON MUNICIPAL CORPORATIONS § 2532, at 292 (3d ed. 1991) (stating that "what is a public purpose cannot be answered by any precise definition further than to state that if an object is beneficial to the inhabitants and directly connected with the local government it will be considered a public purpose"). The determination that a public purpose is being served by an expenditure of funds or an extension of credit rests in the first instance with the governmental entity's discretion, subject to judicial review. Attorney General Opinion JM-1229 at 6-7. In determining whether a particular grant of public funds or extension of credit serves a legitimate public purpose, the governmental body must also ensure that there are sufficient controls over such expenditure to further the stated purpose. Attorney General Opinion DM-256 (1993) at 3.

In Attorney General Opinion M-223 (1968), this office considered whether a county hospital district was authorized to spend public funds to pay for the travel expenses associated with the recruitment and interviewing of prospective employees. It was concluded that while the hospital district was statutorily authorized to make expenditures on behalf of its efforts to recruit personnel, there was no such authority to pay the travel expenses of prospective employees. *Id.* at 2. We now depart from our former decision, which we believe was based on an overly rigid interpretation of article III, section 52, and conclude that in certain circumstances the commissioners court is vested with the authority to pay the travel and related expenses of a prospective employee. Although such an individual is a private citizen rather than a public servant of the county or agent thereof, such an expenditure may constitute "county business" if it furthers the county's public purpose of making the most efficient use of public funds during the interview process. Thus, in certain circumstances the payment of any and all travel expenses of an applicant for the position of county forensic pathologist does not constitute the granting of public money or thing of value to an individual in violation of article III, section 52 of the Texas Constitution.[2] To the extent that Attorney General Opinion M-223 is in conflict with this decision, it is overruled.

---

[2]This office cannot opine that as a matter of law the expenditure about which you ask serves a public purpose, or that sufficient controls were exercised to ensure that such funds were spent and credit extended in furtherance of that purpose. We urge that the county commissioners court take special care to avoid any potential constitutional conflicts by ensuring that all such expenditures do not run afoul of article III, sections 51, 52, and 53 of the Texas Constitution.

## S U M M A R Y

Article III, section 52 of the Texas Constitution requires that expenditures by a county be for a public purpose. The determination that such purpose is being served by an expenditure of public funds or an extension of credit rests with the governmental entity's discretion, subject to judicial review. In some cases, article III, section 52 may not preclude a county from paying the travel expenses of an applicant for the position of county forensic pathologist. Attorney General Opinion M-223 (1968) is overruled to the extent that it conflicts with this decision.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Toya C. Cook
Assistant Attorney General