November 27, 2007

The Honorable Elizabeth Murray-Kolb
Guadalupe County Attorney
101 East Court Street, Suite 104
Seguin, Texas 78155-5779

Opinion No. GA-0583

Re: Authority of a county to lease a generator to a radio station (RQ-0593-GA)

Dear Ms. Murray-Kolb:

The Texas Constitution generally prohibits counties from granting or donating a thing of value to a private entity. *See* TEX. CONST. arts. III, § 52(a), XI, § 3. In light of these prohibitions, you ask whether the expenditure of county funds to purchase a generator to be leased to a radio station violates the Texas Constitution.[1]

You tell us that KWED 1580 is an AM radio station located in Guadalupe County, Texas (the "County"). *See* Request Letter, *supra* note 1, at 1. You relate that KWED maintains two back-up generators; the County owns one of the generators, and it needs to be replaced. *See id.* at 2. The County proposes to expend $4,000, one-third of the total cost, to purchase a new generator. *See id.* You state the City of Seguin and private persons will provide the remaining funds to the County.[2] *See id.* The County plans to purchase the generator and lease it to the radio station for "either $0 or a nominal sum." *Id.* The lease agreement will authorize the station to use the generator in both emergency and non-emergency power outage situations. *See id.* KWED will, among other things, be obligated to disseminate information to the public "in the event of a defined emergency," regardless of a power outage. *Id.*

You do not explain what constitutes a "defined emergency," but you note that KWED is the only local station with county-wide transmission and has historically provided information from the County and other local entities to the public "during severe weather conditions." *Id.* at 1. Additionally, you explain that under a local flood preparedness plan, KWED is the "go to" radio station for flood-related information. *Id.* at 1–2; *see also* GUADALUPE-BLANCO RIVER AUTHORITY,

---

[1]*See* Letter from Mr. Robert E. Etlinger, Assistant County Attorney, on behalf of Honorable Elizabeth Murray-Kolb, Guadalupe County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1, 3 (June 18, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]You do not ask about and, therefore, we do not address (1) the authority of a county to accept donations for the purchase of a generator, or (2) the permissibility of the intergovernmental transfer of funds from a city to a county for the purchase of a generator.

INTERIM FLOOD PREPAREDNESS PLAN 14 (Aug. 2005), *available at* http://www.gbra.org/Documents/Flood/InterimFloodPlan.pdf (listing KWED and NOAA Weather Radio as primary sources for disseminating flood-related notices, alerts, and evacuation instructions to the public) (last visited Nov. 19, 2007).[3]

We begin our analysis by examining the authority of a commissioners court to purchase and then lease a generator in conjunction with a county's emergency communications to the public. *See* TEX. CONST. art. V, § 18(b) (a commissioners court "shall exercise such powers and jurisdiction . . . as is conferred by this Constitution and the laws of the State"); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003) (providing a commissioners court is authorized to exercise only those powers expressly conferred on it by the Texas Constitution or Legislature, together with such implied powers as necessary to accomplish those powers expressly conferred).

We find no statutory or constitutional provision expressly placing a duty on a commissioners court to purchase a generator for use in conjunction with a county's emergency communications to the public. And you do not tell us under what authority the County proposes to purchase the generator. However, various statutes may authorize a county to undertake such a purchase. *See, e.g.*, TEX. GOV'T CODE ANN. §§ 418.107(a), (d) (Vernon Supp. 2007) ("A political subdivision [including a county] may make appropriations for emergency management services as provided by law for making appropriations for ordinary expenses" and may issue "time warrants for the payment of the cost of any equipment, construction, acquisition, or any improvements" to carry out chapter 418.), 418.108(a), (f) (authorizing the county judge to declare a local disaster[4] and order a related evacuation); TEX. HEALTH & SAFETY CODE ANN. § 122.001 (Vernon 2001) (authorizing a commissioners court to spend general revenue for public health and sanitation purposes). Thus, it appears, and we assume for the purpose of this opinion, that the purchase of a generator in conjunction with a county's emergency communications to the public is a statutorily permissible expenditure.

We find no express authority for a county to lease its personal property in conjunction with a county's emergency communications. We assume, however, for the purposes of this opinion, that authority to lease a generator is impliedly necessary to carry out powers expressly conferred on the County. *See, e.g.*, TEX. GOV'T CODE ANN. §§ 418.106(a) (Vernon Supp. 2007) (providing that each local agency shall prepare an emergency management plan providing for disaster mitigation, preparedness, response, and recovery), 418.108(c) ("An order or proclamation declaring, continuing, or terminating a local state of disaster shall be given prompt and general publicity . . . .").

---

[3]NOAA Weather Radio "broadcasts cannot be heard on a simple AM/FM radio receiver." NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, NWR RECEIVER CONSUMER INFORMATION, *available at* http://www.nws.noaa.gov/nwr/nwrrcvr.htm (last visited Nov. 19, 2007). Thus, it appears that KWED is the only readily available local radio station responsible for disseminating flood-related information to the public under the plan.

[4]The Texas Disaster Relief Act defines the term "disaster" to mean "the occurrence or imminent threat of widespread or severe damage, injury, or loss of life or property resulting from any natural or man-made cause, including . . . flood, earthquake, wind, storm." TEX. GOV'T CODE ANN. § 418.004(1) (Vernon Supp. 2007).

We next consider whether the lease of a county-owned generator to a radio station violates the Texas Constitution. Your question is premised upon the prohibitions found in article III, section 52(a) and article XI, section 3 of the Texas Constitution:

> Sec. 52.(a) Except as otherwise provided by this section, the Legislature shall have no power to authorize any county . . . to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, . . . .

TEX. CONST. art. III, § 52(a).

> Sec. 3. No county . . . shall hereafter become a subscriber to the capital of any private corporation or association, or make any appropriation or donation to the same, or in anywise loan its credit; but this shall not be construed to in any way affect any obligation heretofore undertaken pursuant to law . . . .

TEX. CONST. art. XI, § 3; *see also* Request Letter, *supra* note 1, at 2.

The purpose of these prohibitions is not to bar all transactions between counties and private entities. An expenditure that directly accomplishes a legitimate county purpose may still be valid even when it incidentally benefits a private interest. *See Barrington v. Cokinos*, 338 S.W.2d 133, 145 (Tex. 1960) (discussing article XI, section 3); *Walker v. City of Georgetown*, 86 S.W.3d 249, 260 (Tex. App.—Austin 2002, pet. denied) (discussing article III, section 52). Rather, "[t]he purpose of these provisions of the Texas Constitution is to prevent the gratuitous application of public funds for private purposes." *Zimmelman v. Harris County*, 819 S.W.2d 178, 184 (Tex. App.—Houston [1st Dist.] 1991, no writ). The Texas Supreme Court has held that "[a] political subdivision's paying public money is not 'gratuitous' if the political subdivision receives return consideration." *Tex. Mun. League Intergovernmental Risk Pool v. Tex. Worker's Comp. Comm'n*, 74 S.W.3d 377, 383 (Tex. 2002).

Additionally, the court has established a three-part test to determine when a statute accomplishes a public purpose as required by article III, section 52(a): (1) the predominant purpose of a statute requiring a public expenditure must be to accomplish a public purpose, not to benefit private parties; (2) the statute must impose public control over the funds to ensure that the public purpose is accomplished and to protect the public's investment; and, (3) the statute must ensure that the political subdivision receives a return benefit. *See id.* at 384. This office applies similar principles in determining whether an expenditure of public monies or grant of a public thing of value by a political subdivision serves a public purpose. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0480 (2006) at 2, GA-0321 (2005) at 3. With this understanding of the two constitutional provisions you cite, we consider your question.

You ask about the propriety of a lease of a county-owned generator to a radio station for little or no money. *See* Request Letter, *supra* note 1, at 1, 3. You indicate that the County will maintain

ownership of the generator and that the radio station will, under the lease agreement, "be obligated to test, maintain, repair . . . and insure the generator during the life of the lease." *Id.* at 2. Additionally, you relate that the radio station will "go 'on the air' live in the event of a defined emergency," regardless of whether a power failure occurs, to provide information to the public.[5] *Id.*

We cannot definitively answer your question. Whether the lease of the generator to the radio station is gratuitous is a fact question for the commissioners court in the first instance, subject to judicial review. *See* Tex. Att'y Gen. Op. No. GA-0533 (2007) at 5 (explaining that resolving questions of fact is not appropriate for the opinion process). It is also for the commissioners court to determine whether the proposed lease serves a predominantly public purpose, the County retains sufficient control over the transaction, and the lease provides the public with a return benefit. *See Young v. City of Houston*, 756 S.W.2d 813, 814 (Tex. App.—Houston [1st Dist.] 1988, writ denied) ("Determining a public purpose is primarily a function of the legislature, whose decision should not be reversed, unless manifestly arbitrary and incorrect."); *Dodson v. Marshall*, 118 S.W.2d 621, 624 (Tex. Civ. App.—Waco 1938, writ dism'd) (explaining if the commissioners court exercised reasonable discretion in leasing space in the courthouse the district court has no authority to intervene); *Bland v. City of Taylor*, 37 S.W.2d 291, 293 (Tex. Civ. App.—Austin 1931), *aff'd sub nom.*, *Davis v. City of Taylor*, 67 S.W.2d 1033 (Tex. 1934) (determining a public purpose is primarily a legislative function); *cf.* Tex. Att'y Gen. Op. No. GA-0480 (2006) at 2–3.

---

[5]We note that the radio station may, regardless of the lease agreement, "be required to transmit . . . public service messages furnishing information or instructions in connection with a disaster or potential disaster." TEX. GOV'T CODE ANN. § 418.003(3) (Vernon 2005).

## S U M M A R Y

The purchase and lease of a generator in conjunction with a county's emergency communications to the public may be permissible under certain provisions of the Texas Disaster Relief Act and the Texas Health and Safety Code.

Article III, section 52 and article XI, section 3 of the Texas Constitution prohibit the gratuitous application of public funds for a private purpose. As to the lease of a county generator to a local radio station, neither constitutional provision precludes the lease if the commissioners court determines: (1) the lease has as its predominant purpose the accomplishment of a public, rather than a private, purpose; (2) the county retains sufficient control over the generator to ensure accomplishment of the public purpose and to protect the generator; and (3) the public receives a return benefit.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee